IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Evans, | ) | |
| | ) | |
|   *Plaintiff*, | ) | |
| | ) | |
|   -*vs*- | ) | No. 13-cv-_____ |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
|   *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2. Plaintiff Christopher Evans is a disabled resident of the Northern District of Illinois. Plaintiff is not presently confined in any jail or prison.

3. Plaintiff, an amputee, is missing his right leg above the knee, and is able to walk by using crutches.

4. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his individual and in his official capacity.

5. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6. Plaintiff was a pre-trial detainee at the Cook County Jail between April 30, 2013 and May 13, 2013.

7. Plaintiff entered the Jail with crutches.

8. As part of the intake procedure to the Jail, medical personnel employed by defendant Cook County determined that plaintiff was disabled and required his crutches in order to walk.

9. In accordance with the official policies of defendant Dart, a correctional officer made the final decision of where plaintiff would be held in the Jail; these policies vested in a correctional officer the power to decide whether a detainee would be assigned to a housing unit which was handicap accessible (e.g., providing access to shower facilities equipped with grab bars and a shower chair), or to a non-handicap accessible housing unit.

10. In 2011, defendant Dart learned through a case known as *Phipps v. Sheriff of Cook County*, 07-cv-3889, that the correctional officer in charge of determining housing assignments for wheelchair bound

detainees did not consider whether the particular housing assignment provided a reasonable accommodation for the detainee's disability. Dart adopted a revised policy for assignments of wheelchair bound detainees in response to the *Phipps* litigation; Dart failed to adopt an assignment policy for persons, like plaintiff, who are disabled but not wheelchair bound.

11. As a direct and proximate result of Dart's deliberate indifference and refusal to adopt a housing assignment policy for disabled persons other than those who are wheelchair bound, a correctional officer assigned plaintiff to a non handicap-accessible housing unit following his entry to the Jail on April 30, 2013.

12. Following his arrival at the non handicap-accessible housing unit, plaintiff made repeated requests to be transferred to a handicap-accessible housing unit.

13. These requests were ignored.

14. By May 9, 2013, it was obvious to defendant Dart that disabled detainees at the Cook County Jail had been and would continue to incur personal injuries if not assigned to a handicap-accessible housing unit.

15. On May 9, 2013, Plaintiff slipped and fell and received personal injuries while showering in the non handicap-accessible housing unit to which he had been assigned.

16. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, and was unlawfully discriminated against in violation of § 202 of the Americans with Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973.

17. Plaintiff hereby demands trial by jury.

WHEREFORE, the Plaintiff requests that judgment be entered against defendant Dart in an amount in excess of fifty thousand dollars as compensatory and punitive damages, and that costs, including attorneys' fees, be awarded against defendants.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Neil L. Toppel
ARDC No. 6270744
200 South Michigan Ave. Ste 201
Chicago, Illinois 60604
(312) 663-9500
*Attorneys for Plaintiff*