## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 13 C 4200** |
| | ) | |
| **vs.** | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **THOMAS DART, Sheriff of Cook** | ) | |
| **County, and COOK COUNTY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Between April 30, and May 13, 2013, plaintiff, whose right leg is partially amputated, was a pretrial detainee at Cook County Jail. (Compl. ¶¶ 3, 6-7.) When he arrived at the Jail, medical personnel determined that he needed his crutches to walk. (*Id.* ¶ 8.) Nonetheless, in accordance with a Jail policy that gives corrections officers the authority to determine inmates' housing assignments, a corrections officer assigned plaintiff to a housing unit that was not handicapped-accessible. (*Id.* ¶¶ 9-11.) Defendants ignored plaintiff's repeated requests to be transferred to an accessible unit, and on May 9, 2013, he fell and was injured while showering in the non-accessible housing unit. (*Id.* ¶¶ 12-15.) Plaintiff alleges that defendants' failure to assign him to an accessible housing unit violated his rights under the Rehabilitation Act, the Americans with Disabilities Act ("ADA") and the Fourteenth Amendment.

Defendants ask the Court to dismiss plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment claims[1] pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In deciding this motion, the

---

[1]Defendants also ask the Court to dismiss any ADA and Rehabilitation Act claims asserted against Dart in his personal capacity. Because plaintiff asserts no such claims (*see* Pl.'s Mem. Opp'n Mot. Dismiss at 4), the Court strikes this request as moot.

Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a claim against Dart, individually, plaintiff must allege that he was deliberately indifferent to, *i.e.*, knew about and disregarded, plaintiff's objectively serious need to be assigned to an accessible housing unit. *See Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001) (deliberate indifference requires both an objectively serious deprivation and disregard of the substantial risk of harm it poses); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (an official is personally involved in a constitutional deprivation if he knows about it and "facilitate[s] . . . , approve[s]. . . , condone[s] . . . , or turn[s] a blind eye [to it].") (quotation omitted). To state a claim against Dart in his official capacity, against the County really, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985), plaintiff must allege that the constitutional violation was caused by the execution of a municipal policy. *See Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff alleges that: (1) defendants knew, from prior litigation, about the risks non-accessible housing poses to disabled inmates; (2) as a result of that litigation, the County adopted a policy requiring corrections officers to assign wheelchair-bound inmates to accessible housing; (3) the County did not change the housing policy with respect to disabled inmates who do not use wheelchairs, and thus corrections officers still decided whether such inmates were assigned to accessible housing; (4) Dart knew that the housing policy had been changed only for wheelchair-bound inmates, and thus, that housing decisions for other disabled inmates were still made by

2

corrections officers; (5) a corrections officer assigned plaintiff to non-accessible housing; (6) plaintiff's repeated requests to be moved to accessible housing were ignored; and (7) plaintiff slipped, fell and was injured while showering in his non-accessible housing unit. (Compl. ¶¶ 6-15.) These allegations are sufficient to state claims of deliberate indifference against both the County and Dart, individually. Accordingly, the Court denies defendants' motion to dismiss [11].

**SO ORDERED.**                              **ENTERED:   October 11, 2013**




**HON. RONALD A. GUZMAN**
**United States District Judge**